IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-658-BO

| | |
|---|---|
| PHILLIP DWAYNE CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICER BC BRACEY and OFFICER ) | |
| KARCHER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* plaintiff Phillip Dwayne Carver's filing of what the Court construes as a notice of voluntary dismissal without prejudice [DE 20]. Federal Rule of Civil Procedure 41(a) governs voluntary dismissals of federal actions. *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed. App'x 244, 245 (4th Cir. 2008). A plaintiff may dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). The Federal Rules of Civil Procedure are given their plain meaning by the Court. *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (citation omitted). "If the plaintiff files a notice of dismissal before the adverse party serves it with 'an answer or a motion for summary judgment', the dismissal is available as a matter of unconditional right." *Id.* (citation omitted). A motion to dismiss under Rule 12 does not terminate the right of dismissal by notice unless formally converted into a motion for summary judgment under Rule 56. *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (citing 9 Charles Alan Wright & Arthur Miller, *Federal Practice * Procedure* § 2363, at 259 (2d. ed. 1995). The remaining defendants, Raleigh Police Officers B.C. Bracey and E.J. Karcher, have filed a motion to dismiss

that has not been formally converted into a motion for summary judgment. Accordingly, voluntary dismissal is available to plaintiff.

When deciding a motion for voluntary dismissal, a court must consider, *inter alia*, the opposing party's efforts and expense, any excessive delay or lack of diligence on the part of the plaintiff, and whether the explanation for dismissal is sufficient. *Nesari v. Taylor*, 806 F. Supp.2d 848, 861 (E.D.Va. 2011). Here, defendants admit that the case is at an early stage. Plaintiff's explanation for dismissal—that he has liver cancer—is legitimate. Having considered the relevant factors, that defendants admit the case is at an early stage and do not appear to oppose plaintiff's motion, and that no counterclaim, answer, or motion for summary judgment has been filed, the Court ALLOWS plaintiff's motion to dismiss. [DE 20]. Rather than impose limitations or extension on how and when plaintiff can re-file this suit, the Court instead notes that the substantive law of the forum jurisdiction will control any re-filed action.

Accordingly, this matter is hereby DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants' motion to dismiss [DE 17] is DENIED AS MOOT.

SO ORDERED, this the __14__ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE